UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERICA M. SIMONSEN,<br><br>              Petitioner,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>              Respondent. | Case No. 4:20-cv-00481-CWD<br><br>**ORDER** |

# INTRODUCTION

Before the Court is Petitioner's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Dkt. 30) Petitioner requests an award of attorney fees in the amount of $14,355.56, representing 66.3 hours of attorney time at the statutorily applicable rates. Respondent opposes Petitioner's request for EAJA fees, contending the amount requested is excessive and should be reduced to $6,656.72. (Dkt. 31.) As explained below, the Court will grant in part Petitioner's motion for EAJA fees.

**ORDER - 1**

## BACKGROUND

Petitioner filed a Title XVI application for supplemental security income on August 6, 2018, claiming disability beginning January 1, 2007, which onset date was later amended to August 6, 2018. The application was denied initially and on reconsideration. The Administrative Law Judge (ALJ) conducted a hearing on February 26, 2020, and issued a decision on March 27, 2020, finding Petitioner not disabled. The Appeals Council denied Petitioner's request for review, making the ALJ's decision the Respondent's final decision.

On December 17, 2021, the Court reversed the Commissioner's final decision and remanded for further administrative proceedings under 42 U.S.C. § 405(g). (Dkt. 28.) In reversing and remanding this case, the Court found the ALJ committed reversible error in her evaluation of Petitioner's subjective symptom testimony and the medical opinion evidence. Consequently, the Court found the ALJ's residual functional capacity assessment was not supported by substantial evidence.

Petitioner now applies for an award of attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412. (Dkt. 30.) In her motion, Petitioner requests reimbursement for 61.80 hours of attorney time totaling $13,376.61. Respondent contests the reasonableness of the fee request, countering that a fee reduction is appropriate and requesting the Court award $6,656.72 in attorney fees, which represents a reduction of 31.2 hours. In reply, Petitioner argues that the Court may not apply a "de facto cap" limiting the number of hours an attorney can reasonably expend on routine social security matters, and contends that this case presented challenging issues involving new regulations. She requests an additional

ORDER - 2

$975.00 for 4.5 hours of attorney time spent drafting the reply brief in support of her application for attorney fees, bringing the total fee request to $14,250.54.

## DISCUSSION

A.  **Legal Standard**

The EAJA provides for an award of attorney's fees to private litigants who prevail in civil actions (other than tort) against the United States and timely file a petition for fees. 28 U.S.C. § 2412(d)(2)(A). Individuals successfully challenging a final decision of the Commissioner denying Social Security disability benefits are among those eligible for such awards. *Sullivan v. Hudson*, 490 U.S. 877 (1989). Under EAJA, the Court must award attorney's fees to the prevailing party unless it finds the Government's position was "substantially justified" or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

The EAJA provides for an award of "reasonable" attorney fees. 28 U.S.C. § 2412(d)(2)(A). The Court applies the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983) to determine what constitutes a reasonable fee award under the EAJA. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The prevailing party bears the burden to prove the fee amount requested is reasonable and must submit documentation in support of the fee request. *Hensley*, 461 U.S. at 437; 28 U.S.C. § 2412(d)(1)(B). To establish the amount of a reasonable fee, courts generally take "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Court may reduce a fee award if the applicant has provided inadequate documentation of the fees requested or claims

ORDER - 3

hours that are "excessive, redundant, or otherwise unnecessary." *Id*. at 434. The Court may also consider other factors to adjust the fee upwards or downwards, "including the important factor of the results obtained." *Id*.

The United States Court of Appeals for the Ninth Circuit set forth in *Moreno v. City of Sacramento* that a Court should generally defer to the winning lawyer's professional judgment as to how much time she was required to spend on the case. 534 F.3d at 1112 – 13. However, the court added that a court can impose a reduction of up to 10 percent—a "haircut"—based purely on the exercise of its discretion and without more specific explanation. *Id*. When the court reduces the number of hours by more than 10 percent, the Court is required to provide a reasoned explanation supporting the reduced fee. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (citing *Moreno*, 534 F.3d at 1112 – 13.) It is an abuse of discretion to apply a "de facto policy" limiting social security claimants to a specified number of hours (typically between twenty and forty) in routine cases. *Id.* However, the Court may consider that twenty to forty hours is the range most often requested and granted in social security cases. *Id.* at 1136. With that range in mind, the Court must explain why the amount of time requested for a particular task is too high. *Id.*

**B.     Analysis**

Respondent concedes Petitioner is the prevailing party under the EAJA and does not claim substantial justification. Accordingly, an award of EAJA fees is proper. Nor does Respondent object to the claimed hourly rates, which are based on the statutory

ORDER - 4

rate and adjusted for the increase in the cost of living. *See* 28 U.S.C. § 2412(d)(2)(A).[1] The Court finds the rates for attorney work performed in 2020 and 2021 are consistent with the cap provided by statute, and therefore finds the hourly rates proposed by Petitioner's counsel are reasonable.

Rather, Respondent disputes the reasonableness of Petitioner's requested fees. Respondent maintains that the hours expended were unreasonable for the following reasons: (1) the transcript was of average length; (2) the issues were not complex; (3) counsel billed for what appear to be clerical hours; (5) counsel's time was duplicative; and (6) counsel is experienced, and therefore should have been able to prepare the administrative appeal more efficiently.

Respondent asserts that 49.6 hours spent reviewing the record and preparing the opening brief, and 8.6 hours spent drafting a 3-page reply brief, is excessive for this matter. Respondent specifically notes that the administrative record, at 849 pages, was not greater than average, and that Petitioner raised issues commonly identified in Social Security cases. Respondent took issue with specific time entries as well, especially those that reflected review and analysis of issues that never appeared in the briefing, such as: 2.3 hours conducting an "analysis of ALJ findings and evidence as to date of onset;" 3.8 hours reviewing "work history as to functioning analysis; ability to lift; discs in lumbar spine;" 4.3 hours structuring "arguments as to past relevant work and medical vocational

---

[1] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (providing that statutory maximum hourly rate, adjusted for increases in the cost of living was $207.78 in 2020, and $217.54 in 2021).

**ORDER - 5**

profiles;" 3.5 hours researching "listings as to outstanding records; back surgery;" 4.1 hours contrasting "mental and physical impairments; report submitted by claimant;" and 22.5 hours of records review in a "relatively run-of-the-mill" case presenting issues commonly seen in Social Security disability appeals.

Petitioner does not concede that any reduction is warranted, and Petitioner's attorney insists she did not bill for clerical time. Reply at 4. (Dkt. 32.) Petitioner's attorney defends the time spent on this matter, arguing that Petitioner's case was not routine and required intensive work to determine the legal theory of the case. She argues also that she spent time reviewing the revised regulations regarding the evaluation of medical opinions, which are applicable to cases filed on or after March 27, 2017.

In determining the appropriate number of hours to be included in the lodestar calculation, the Court examined the fee invoice and reviewed it with an eye toward hours that were excessive, redundant, or otherwise unnecessary in light of the record before the Court. Based on the Court's experience and review of recent EAJA applications in similar cases, and its own independent review of the record, the Court agrees with Respondent that the time expended in this matter was excessive. Further, this matter warrants more than a 10% reduction in attorney fees to address the grossly disproportionate amount of time spent reviewing the record and drafting an opening brief that was underwhelming in its depth of legal and factual analyses and presentation of the issues, all of which were routine issues typically seen before the Court.

A reviewing court must ensure that "the time expended [in furtherance of each task performed] was not excessive to the task…." *Taylor v. Albina Cmty Bank*, 2002 WL

ORDER - 6

31973738 *8 (D. Or. Oct. 2, 2002); *see also id*. at *16 ("A party is certainly free to pay its lawyers whatever it wishes, but it cannot expect to shift the cost of any redundancies and excesses to its opponent. Instead, it can only shift the reasonable attorney fee expended"). Here, a review of the itemized invoice (Dkt. 30 at 7 – 8) reveals excessive and unnecessary billing.

To analyze the hours expended, the Court grouped the time spent into four categories: client intake; review of the record; research and writing; and, drafting the fee application. Petitioner's attorney spent 6.9 hours on October 9, 12, and 13, 2020, interviewing the client; obtaining her medical history; reviewing the ALJ's written decision; preparing opening documents; and counseling the petitioner regarding the *in forma pauperis* application. Respondent did not object to 3.7 hours of this time. Some time spent reviewing the ALJ's decision and conducting an intake interview with the client is warranted, but not an additional 3.2 hours when Petitioner's attorney is claiming 3.4 hours to "prepare opening documents," which the Court presumes consists of the petition for review, summons, statement of social security number, and application for leave to proceed in forma pauperis. Such documents are routine and not complex to prepare. Accordingly, the Court will reduce the 3.2 hours spent on October 9, 2020, by 50%, to 1.6 hours, for a total of 5.3 attorney hours attributable to client intake at the statutory rate of $207.78 per hour.

ORDER - 7

The next category of fees involves review of the record. Petitioner's attorney spent 28.2 hours reviewing a fairly typical record of 849-pages in length.[2] This matter did not involve any particularly complex issues or matters of first impression. *Webb v. Sloan,* 330 F.3d 1158, 1170 (9th Cir. 2003)(concluding that a reduction in hours is appropriate if the court reasonably concludes that preparation of a motion "demanded little of counsel's time."). Petitioner's attorney regularly appears before the Court and has considerable experience representing social security claimants; as such, she should be able to efficiently handle routine cases. (Dkt. 30 at 6.) In light of these facts, Petitioner's attorney did not meet her burden of establishing that the hours spent reviewing the record were reasonably necessary. *Hensley*, 461 U.S. at 424.

For instance, she claims that extensive time was necessary to determine whether the revisions to the rules regarding the evaluation of medical evidence applied in this matter, necessitating review of the onset date, work history, and medical vocational profiles. Pet. Reply at 3. (Dkt. 32.) However, none of these issues impacts the applicability of the revisions to the evaluation of medical evidence. The only date of consequence is whether Petitioner filed her claim on or after March 27, 2017. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017) (codified at 20 C.F.R. pts. 404 & 416). Despite awareness of the rule revisions, Petitioner's attorney applied the incorrect standard of review. Pet. Mot. at 12. (Dkt. 24.)

---

[2] The Court included time spent on March 4, 10, 16, 17, 18, 23, 25, 26, 27, 29, and 30, 2021, in this category.

**ORDER - 8**

Legal analysis was largely boilerplate, as no novel issues of law were implicated in this matter. Rather, the issues raised involved Petitioner's symptom testimony; evaluation of the medical evidence of record; and whether all of Petitioner's physical limitations were adequately included in the ALJ's RFC assessment. Petitioner raised no arguments concerning mental impairments, yet Petitioner's attorney spent 4.1 hours on March 26, 2021, reviewing such issues. Accordingly, the Court concludes a 50% reduction in the time spent is warranted, resulting in 14.1 hours attributable to review of the record at the statutory rate of $217.54 per hour.

The third category is research and writing. According to Petitioner's attorney, she spent 24.9 hours performing such tasks.[3] Yet, most of the opening brief summarized Petitioner's medical history, quoted hearing testimony, and paraphrased the ALJ's findings. None of this involved extensive legal research or superior writing ability. While Petitioner's attorney identified the issues for review and provided enough analysis for the Court to evaluate Petitioner's arguments, as mentioned above the issues presented were not complex. Petitioner's attorney already spent 28.2 hours reviewing the record, and for her to spend another 24.9 hours drafting a brief that raised no novel issues of law; cited well-known caselaw in support of Petitioner's arguments; and largely cited to the record

---

[3] The Court included time spent on March 18, 22, and 24; April 1 and 2; and May 4 and 13, 2021, in this category. Respondent did not object to the 3.5 hours spent on April 1, 2021, that Petitioner's attorney attributed to drafting the opening brief. The Court accepts Petitioner's assertion that the 1.5 hours documented for "fil[ing] motion for summary judgment" on April 2, 2021, was not entirely clerical time, as some time is typically necessary to review and finalize a written brief before filing with the Court. Reply at 4. (Dkt. 32); *see Murrieta v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04865-PHX-DWL, 2021 WL 1208980, at *4 (D. Ariz. Mar. 31, 2021) ("In theory, documents should be finalized before they are filed….").

**ORDER - 9**

to support Petitioner's arguments, is not justified. In other words, there was no lengthy analysis following identification of the issues. In a similar vein, the reply brief was three pages in length. Consequently, the aggregate amount of time billed for drafting and review appears excessive. Therefore, with the exception of the time entry for 3.5 hours on April 1, 2021, the Court will reduce the time entries in this category by 50%, resulting in 14.2 hours attributable to research and writing at the statutory rate of $217.54 per hour.

Last, Petitioner's attorney seeks compensation for 6.3 hours spent drafting the fee application and the reply in support of the application. Respondent does not object to the 1.8 hours spent on February 9, 2022, and in light of the brief and supporting materials, this time appears reasonable. However, 4.5 hours to draft a five-page reply brief, which in turn did not contain explanation or support for 66.3 hours of time claimed as necessary in a routine matter, is not warranted. The Court therefore reduces the time attributable to this category to 4.05 hours at the statutory rate of $217.54 per hour.

In sum, upon a review of the record, including a review of the briefing submitted in this matter as well as a comprehensive review of the tasks billed and the amount of time spent on them, the Court concludes Petitioner's attorney should be compensated for 37.65 hours. At the applicable statutory rates, this results in an EAJA fee of $8,138.65.[4]

---

[4] Although slightly more than previous fee awards, the amount arrived at by the Court compares favorably to other EAJA fee awards to Petitioner's attorney for services performed before the Court. *See Bewick v. Berryhill*, 2:17-cv-00436-REB (Order, July 19, 2019) (awarding $6,500 in EAJA fees); *Traughber v. Comm'r*, 2:19-cv-00058-CWD (Order, Sept. 30, 2019) (awarding $6,750 in EAJA fees); *Robinson v. Comm'r*, 4:20-cv-00230-REB (Order, April 12, 2021 (awarding $7,500 in EAJA fees). It also is not excessive in light of recent fee awards for similar work performed by other practitioners. *See Spruyt v. Kijakazi*, 1:19-cv-00169-CWD (Order, April 22, 2022) (noting previously awarded EAJA fees in the amount of $7,350.00); *Pitcher v. Kijakazi*, 1:20-cv-00469-CWD (Order, April 22, 2022) (awarding $6,662.50 in EAJA fees).

**ORDER - 10**

## CONCLUSION

Based upon the foregoing, the Court will grant the motion in part. Petitioner will be awarded fees in the amount of $8,138.65. 28 U.S.C. § 2412(d). The award made under the EAJA is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Application For Award of Attorney's Fees Pursuant to The Equal Access to Justice Act (Dkt. 30) is **GRANTED in PART and DENIED in PART**.

Attorney fees are **AWARDED** as follows:

1) Petitioner is awarded EAJA fees in the amount of $8,138.65, pursuant to 28 U.S.C. § 2412(d). The award made under the EAJA is subject to offset under the Treasury Offset Program pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010).

2) Any payment of this award shall be mailed to Josephine M. Gerrard, and mailed to:

> GERRARD LAW OFFICES
> 1791 Solano Ave.
> Berkely, CA  94707

DATED: May 03, 2022

Candy W. Dale
U.S. Magistrate Judge

ORDER - 11